NO. 07-10-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 23, 2010

_____

CHRISTOPHER MICHAEL ALDERETE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,716-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Christopher Michael Alderete, entered a plea of true to the State's allegations in its motion to proceed with adjudication of guilt after having been granted deferred adjudication community supervision for the offense of assault on a family member[1]. After hearing evidence that Appellant had violated the terms and conditions of community supervision, the trial court adjudicated him guilty and sentenced him to

_____

[1]Tex. Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2010).

fifteen years confinement. The *Trial Court's Certification of Defendant's Right to Appeal* indicates that Appellant's case was a plea-bargain case with no right of appeal and that Appellant waived his right of appeal.

By letter dated October 21, 2010, this Court notified Appellant of the consequences of the certification and invited him to either file an amended certification showing a right of appeal or demonstrate other grounds for continuing the appeal on or before November 10, 2010. Appellant was also notified that failure to do so might result in dismissal of the appeal pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure.

In response to this Court's letter, Appellant filed a "Motion for Extension of Time" on his appeal to seek help from outside sources. He also expressed an intent to file a petition for discretionary review with the Texas Court of Criminal Appeals. Appellant's response, however, does not contradict the trial court's certification. Appellant also failed to file an amended certification reflecting a right of appeal and did not show cause for continuing his appeal. Consequently, this appeal is dismissed based on the certification signed by the trial court. *See* Tex. R. App. P. 25.2(d).

Patrick A. Pirtle
Justice

Do not publish.

2